**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 22, 2019[*]
Decided April 23, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2894

| | |
|---|---|
| LEIGHTON D. LINDSEY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 17-C-330 |
| | |
| MARY SAUVEY, et al., | Lynn Adelman, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Leighton Lindsey, a Wisconsin prisoner, sued two prison doctors and a nurse for deliberate indifference when treating his asthma. Concluding that no reasonable jury could find that the defendants acted with a culpable state of mind, the district judge entered summary judgment in their favor. We affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Before arriving at Green Bay Correctional Institution, Lindsey had been diagnosed with "mild asthma" and prescribed two different inhalers. One was a daily preventative inhaler and the other an as-needed "rescue" inhaler that delivered albuterol (a medication that eases asthmatic symptoms). Upon Lindsey's arrival at the prison, he was examined by Dr. Mary Sauvey, who renewed these prescriptions. But after a prison disciplinary committee found that Lindsey had misused the rescue inhaler (by refusing to return it to prison staff), Dr. Sauvey discontinued that prescription. Two days later, she examined Lindsey, found him to be in "excellent" condition, and observed no negative effects of the inhaler's absence. Lindsey protested, however, so one week later she ordered that albuterol be available to him as needed via a nebulizer (an electronic machine that delivers medication in mist form to be inhaled through a facemask) in his housing unit.

About a year later, Dr. Lisa Allen took over as Lindsey's prison physician and he complained to her about not having his rescue inhaler. Dr. Allen examined Lindsey, noting that his lungs were clear, his oxygen levels were normal, and he showed no signs of respiratory distress. Aware that Lindsey had access to a nebulizer and previously had misused his inhaler, Dr. Allen refused to prescribe a rescue inhaler for him.

One evening, while in his cell, Lindsey complained to a prison guard that he was experiencing asthma "complications," including lightheadedness, dizziness, and shortness of breath. The guard conveyed this complaint to Steve Bost, a nurse who had treated Lindsey before; the guard added, however, that Lindsey was standing at his cell door, speaking without difficulty, and did not appear to be in respiratory distress. Based on this assessment, Nurse Bost instructed the guard to have Lindsey submit a health service request. Lindsey did so the next day, but he only complained about Nurse Bost's conduct and did not ask to see a doctor or nurse for his asthma.

Lindsey sued both doctors and the nurse for deliberate indifference towards his asthma under 42 U.S.C. § 1983. He argued that each violated his Eighth Amendment rights: Dr. Sauvey discontinued his rescue inhaler, Dr. Allen refused to re-prescribe it, and Nurse Bost ignored his request for immediate treatment. The district court granted the defendants' motion for summary judgment, concluding that each defendant permissibly used her or his medical judgment when treating Lindsey. Without deciding whether Lindsey's "mild" asthma was a serious condition, the court determined that the evidence could not support an inference that any of the defendants blatantly mistreated him or disregarded a risk to his health.

On appeal, Lindsey argues that the evidence he presented raised genuine issues of material fact and that the district court improperly weighed these facts when entering summary judgment in the defendants' favor. He maintains that a rescue inhaler is "the best course of medical treatment" for him and that his doctors ignored his complaints that prison guards had denied him access to a nebulizer whenever he requested it.

Lindsey's conviction that the care he received was not "the best course" for him cannot stave off summary judgment; he is not entitled to dictate his own care. See *Harper v. Santos*, 847 F.3d 923, 927 (7th Cir. 2017). The Eighth Amendment protects him from only the "criminal recklessness" of prison staff. See *Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018). Nothing in the record suggests that the considered opinions of both examining doctors—that he did not need a rescue inhaler, that his symptoms remained under control without it, and that a nebulizer should be made available in an emergency—constitute a "substantial departure from accepted professional judgment, practice, or standards." *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (en banc) (citation omitted).

Lindsey also argues that the court failed to credit his assertion that a nebulizer was not always available to him. But he does not suggest that any of the named defendants denied him access to a nebulizer, and they cannot be vicariously liable under the Eighth Amendment for someone else's conduct. See *Aguilar v. Gaston-Camara*, 861 F.3d 626, 630 (7th Cir. 2017).

Finally, Lindsey contends that a jury could find deliberate indifference on Nurse Bost's part in refusing him immediate assistance when requested. However, Lindsey does not point to any evidence that the nurse blatantly mistreated him or recklessly disregarded his needs. See *Harper*, 847 F.3d at 928. He disputes the fact that he was at the door to his cell having a conversation with the prison guard when he requested medical attention. Regardless, it is uncontested that the guard told Nurse Bost that Lindsey was speaking and breathing normally, and that the nurse generally was aware of Lindsey's medical history. Given these uncontested facts, the district court correctly recognized that no reasonable jury could find Nurse Bost to have been deliberately indifferent.

AFFIRMED